**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GENE COFFEEY**

                    **Petitioner,**

                    **9:05-CV-316**
    **v.**                       **(GLS/DEP)**

**DR. KEISER, Doctor/Lead**
**Physician Cayuga Correctional**
**Facility**

                    **Respondent.**

---

**APPEARANCES:**                   **OF COUNSEL:**

**FOR THE PLAINTIFF:**

GENE COFFEEY
Petitioner, *Pro Se*
Last Known Address:
01-a-5210
Cayuga Correctional Facility
P.O. Box 1186
Moravia, NY 13118

**GARY L. SHARPE**
**United States District Judge**

## ORDER

On March 10, 2005, Gene Coffeey filed a *pro se* 1983 Prisoner Civil Rights complaint.  *See Dkt. No. 1.* On April 15, 2005, the court sent a

compliance Decision and Order directing plaintiff to file an amended complaint in compliance with Rules 8 and 10 of the Federal Rules of Civil Procedure and to prepay the $250.00 filing fee in full, or provide the clerk with a signed authorization form within thirty (30) days from the date of filing of that order. *Dkt. No. 8.* Furthermore, he was warned that his failure to comply with this rule could result in the dismissal of his action. *See Dkt. No. 8.* Coffeey's copy of the order was mailed to his last known address. On May 2, 2005, Coffeey's copy of the order was returned indicating "Return to Sender - Released on 4/5/05." *See Dkt. Nos. 9-10.*

On May 5, 2005, the court issued an order directing Coffeey to notify the court within fourteen days of his current address and/or verify that his mailing address is as listed in the caption of this order. *See Dkt. No. 11*. The court warned Coffeey that his failure to comply with the order could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). Coffeey's copy of the order was mailed to his last known address, but again returned as "Return to Sender - Released on 4/5/05." *See Dkt. No. 12.* Despite his knowledge of his obligation to apprise the court of his current address and the consequences of failing to do so, Coffeey has not complied with the court's May 5 order.

Coffeey's failure to provide this court with a change of address

warrants dismissal.  Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute.  Courts in the Northern District of New York have dismissed law suits brought by *pro se* plaintiffs for failure to provide a current address.  *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*, 95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Coffeey's complaint is **DISMISSED** for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with this court's May 5 order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**Dated: May 20, 2005**
         **Albany, NY**

_Gary L. Sharpe_
Gary L. Sharpe
U.S. District Judge

3